(124 So. 921)

**Sam FARROW v. STATE.   (5 Div. 795.)**

Court of Appeals of Alabama.   Nov. 26, 1929.

BRICKEN, P. J.   Appeal dismissed.

(124 So. 921)

**Sam FARROW v. STATE.   (5 Div. 798.)**

Court of Appeals of Alabama.   Nov. 26, 1929.

SAMFORD, J.   Appeal dismissed.

(119 So. 920)

**Henry FAUCETT v. STATE.   (6 Div. 431.)**

Court of Appeals of Alabama.   Dec. 11, 1928.

RICE, J.   Affirmed.

(124 So. 921)

**Henry FAUCETT v. STATE.   (7 Div. 545.)**

Court of Appeals of Alabama.   June 29, 1929.

Rehearing Denied Oct. 8, 1929.

Oscar Metz, of Birmingham, for appellant. Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.   Defendant was convicted of unlawfully transporting whisky in quantities in excess of five gallons.

This record presents a plain, simple question of fact.   The deputy sheriff, testifying as a witness for the state, says he did; the defendant, testifying as a witness, says he did not.   The jury, weighing all the facts, found the defendant guilty.

Under the plainest rules governing such cases the appellate court would not be justified in disturbing the verdict.   There is no error in the record, and the judgment is affirmed.

Affirmed.

(127 So. 919)

**John FAULK v. STATE.**

**4 Div. 513.**

Court of Appeals of Alabama.
Jan. 14, 1930.

Rehearing Denied Feb. 11, 1930.

E. O. Baldwin, of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of assault with intent to murder, and sentenced to serve imprisonment in the penitentiary for a term of not less than three nor more than four years.   We cannot see that it would be helpful to discuss the evidence.   That for the state tended to make out every element of the offense; that on behalf of the appellant tended to make out a technical case of self-defense.

The exceptions reserved on the taking of testimony were either to rulings obviously correct, or to rulings of such technical and inconsequential nature that no reversal would be predicated thereon, even if erroneous. Supreme Court Rule 45.

The oral charge of the court was full and complete, and really left no phase of the law, as it affected the case, without treatment. The same appears to have been correct in all its parts; at any rate no exception was reserved to any portion thereof.

We have examined each of the duly requested written charges, which were refused to appellant, and as to each, where not patently defective in some essential particular, we find that, in so far as the principle of law sought to be covered therein is applicable, the same was given to the jury by the court in its oral charge, in connection with the written charge given at appellant's request.

The record has been diligently searched for error, of a reversible nature, but we find none, and the judgment must be, and is, affirmed.

Affirmed.